IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.7:10-CV-00220-BO

| | |
|---|---|
| TONIA S. ATKINSON | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   <u>O R D E R</u> |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| *Commissioner of Social Security,* | ) |
|     Defendant. | ) |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court GRANTS Plaintiff's Motion for Judgment on the Pleadings [DE 29] and remands the case for further proceedings based on the ALJ's flawed credibility analysis. The Court DENIES the Commissioner's Motion for Judgment on the Pleadings [DE 31].

I. <u>BACKGROUND</u>

Plaintiff filed applications for a period of disability and disability insurance benefits (DIB) and for Supplemental Security Income (SSI) payments on August 6, 2008, alleging disability beginning on February 1, 2007, because of congestive heart failure, hypertension, and kidney problems (Tr. 152, 160, 185.) Her claims were denied at the initial and reconsideration levels of review. After a hearing on December 29, 2009, an administrative law judge (ALJ) issued a decision finding that Plaintiff was not disabled (Tr. 11-19.) On August 25, 2010, the Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the

Commissioner (Tr. 1-5.)

Plaintiff then timely filed this civil action under 42 U.S.C. § 405(g). She raises two issues for the Court's review. First, Plaintiff assigns error to the ALJ's credibility analysis. Second, Plaintiff assigns error to the ALJ's analysis of her medical impairments.

## II. DISCUSSION

### A. The Legal Principles

To be found disabled, a claimant must have an:

> inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

Disability under the Act means not merely that the individual is unable to perform her previous work,

> but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.

20 C.F.R. §§ 404.1566, 416.966.

To qualify for SSI payments based upon disability pursuant to section 1602 of the Act, 42 U.S.C. § 1381a, an individual must meet identical definitional requirements and also have income and resources that do not exceed statutorily specified amounts. 42

U.S.C. § 1382.

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. § 416.920. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. When substantial gainful activity is not an issue, at step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. If the claimant has a severe impairment, at step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing), 20 C.F.R. § 404, Subpart P, App. 1; if the impairment meets or equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a Listing, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his or her past work despite the impairments; if so, the claim is denied. If the claimant cannot perform past relevant work, at step five, the burden shifts to the Commissioner to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work.

B. **The ALJ's Credibility Analysis**

Plaintiff first attacks the ALJ's decision to discount Plaintiff's credibility. In order for a credibility determination to be supported by substantial evidence, an ALJ's decision "must

contain specific reasons for the finding on credibility, supported by the evidence in the case record." SSR 96-7p; *see also* 20 C.F.R. § 404.1529.

Here, the ALJ noted that "[t]he claimant appears to have been very inconsistent in reporting allegedly debilitating symptoms to her treating doctors" (Tr. 16.) These inconsistencies caused the ALJ "to question the credibility of the claimant's assertions." (*Id.*) The record does not support the ALJ's credibility determination.

The ALJ improperly characterized Plaintiff's reporting of certain symptoms and used that improper characterization as a reason to discount the Plaintiff's credibility. For instance, the ALJ held that Plaintiff lacks credibility because she told her primary physician on April 13, 2009 that she was not experiencing heart palpitations. Then, in what the ALJ deemed to be an inconsistent reporting three days later on April 16, 2009, Plaintiff told Dr. Patel that she had mild heart palpitations. To the ALJ, Plaintiff's reporting of her heart-related symptoms was "inconsistent" and, therefore, not worthy of significant probative weight.

What the ALJ failed to grasp-and what is reflected amply in the record-is that Plaintiff's heart palpitations were intermittent. The fact that Plaintiff experienced palpitations on the 16th of April but not on the 13th of April therefore does not

4

undermine Plaintiff's credibility. It was error for the ALJ to use the Plaintiff's reporting of her heart palpitations as a reason to discount her credibility.

The ALJ's decision to discount Plaintiff's credibility is also partially based on Plaintiff's testimony to frequent urination. The ALJ found that "[t]he medical records in evidence do not show that the claimant has reported . . . these symptoms to her doctors." (Tr. 16.) The ALJ's finding here, unlike his finding with respect to Plaintiff's heart condition, is supported by substantial evidence.

Although the record is replete with references to Plaintiff's chronic renal insufficiency and kidney failure (Tr. 331, 334, 337, 392), it appears that Plaintiff never informed her doctors of her alleged urinary problems. If she did, it is not reflected in the treatment notes. Moreover, it appears from the record that Plaintiff's renal insufficiency resolved after she gave birth (Tr. 241.) As to Plaintiff's allegations of frequent urination, therefore, The ALJ's decision to discount such medically unsupported allegations was correct.

### C. The ALJ's Analysis of Plaintiff's Severe Impairments

At step two of the sequential evaluation process for determining disability, an ALJ must analyze the claimant's impairments and determine which of the impairments are "severe." 20 C.F.R. 404.1520(c). Social Security Ruling 86-8 states that an

5

impairment is "severe" if it is not just a "slight abnormality," but rather has more than a minimal effect on an individual's ability to do basic work activities. SSR 86-8. Plaintiff claims that the ALJ should have found congestive heart failure, pulmonary hypertension, chronic renal insufficiency, contact dermatitis, and calcaneal spurring to be severe impairments. The Court finds that the Commissioner's decision to omit each of these impairments from the "severe" category is supported by substantial evidence.

Plaintiff was diagnosed during pregnancy with congestive heart failure secondary to mitral stenosis and mitral regurgitation (Tr. 241, 331), but after mitral valve replacement surgery, May 2008 laboratory tests showed no evidence of it (Tr. 298, 324.) Upon examinations after heart surgery, with one exception,[1] Plaintiff's heart was found to have normal S1 and S2 with no murmurs (Tr. 402, 403, 407, 409, 411, 433.) And at the hearing, Plaintiff testified that her valve replacement surgery was successful, further supporting the ALJ's determination that congestive heart failure was not a severe impairment after Plaintiff's heart surgery (Tr. 33-34.)

Plaintiff admittedly had an active diagnosis of hypertension beginning in March 2007. However, as the ALJ noted, medical records show that Plaintiff's hypertension was "well controlled on medical

---

[1] On a May 15, 2008 visit to Dr. Aroca, Plaintiff had a systolic ejection murmur 2/6 secondary to mitral stenosis and history of congestive heart failure (Tr. 405.)

6

therapy. (Tr. 387.) The ALJ's decision to not deem Plaintiff's hypertension a "severe" impairment is supported by substantial evidence.

The ALJ also properly determined that Plaintiff's urinary problems were not "severe impairments." Records from August 2007 establish that Plaintiff's history of mild renal insufficiency developed during pregnancy, was transient, and resolved after delivery (Tr. 241.)

Plaintiff alleges that contact dermatitis was such a distraction as to be a severe impairment. However, there are just a few references to this condition in the record-none of which support Plaintiff's claims. Plaintiff did not even mention this condition at the hearing (Tr. 31-44.)

Plaintiff's calcaneal spurring was not a severe impairment either. Laboratory diagnostic tests from December 2008 showed spurring but no bony abnormality (Tr. 377.) Moreover, Plaintiff said the spurring, while worse with standing and pushing on her heel, only caused pain at a level 2-3 out of 10 (Tr. 433.) As such, Plaintiff's minimal pain was avoidable by not standing and pushing on her heel, and would not impact her ability to work with certain limitations on standing.

Based on the foregoing, the Court affirms the analysis of the ALJ with respect to Plaintiff's severe impairments.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Judgment on the Pleadings [DE 29] and remands the case for further proceedings based on the ALJ's flawed credibility analysis. The Court **DENIES** the Commissioner's Motion for Judgment on the Pleadings [DE 31].

**SO ORDERED**, this ___ day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE